**SUMMONS - CIVIL**
JD-CV-1   Rev. 2-20
C.G.S. §§ 51-346, 51-347, 51-349, 51-350, 52-45a, 52-48, 52-259;
P.B. §§ 3-1 through 3-21, 8-1, 10-13

For information on ADA accommodations, contact a court clerk or go to: www.jud.ct.gov/ADA.

**STATE OF CONNECTICUT**
**SUPERIOR COURT**
www.jud.ct.gov



**Instructions are on page 2.**

☐ Select if amount, legal interest, or property in demand, not including interest and costs, is LESS than $2,500.
☒ Select if amount, legal interest, or property in demand, not including interest and costs, is $2,500 or MORE.
☐ Select if claiming other relief in addition to, or in place of, money or damages.

**TO: Any proper officer**
By authority of the State of Connecticut, you are hereby commanded to make due and legal service of this summons and attached complaint.

| Address of court clerk (Number, street, town and zip code) | Telephone number of clerk | Return Date (Must be a Tuesday) |
|---|---|---|
| 70 Huntington Street New London, CT 06320 | (860) 443-5363 | 12/22/2020 |

| ☒ Judicial District ☐ Housing Session | G.A. Number: | At (City/Town) New London | Case type code (See list on page 2) Major: T   Minor: 90 |
|---|---|---|---|

**For the plaintiff(s) enter the appearance of:**

| Name and address of attorney, law firm or plaintiff if self-represented (Number, street, town and zip code) | Juris number (if attorney or law firm) |
|---|---|
| Sheri Speer | |

| Telephone number | Signature of plaintiff (if self-represented) |
|---|---|
| (860) 213-2836 | |

The attorney or law firm appearing for the plaintiff, or the plaintiff if self-represented, agrees to accept papers (service) electronically in this case under Section 10-13 of the Connecticut Practice Book.   ☒ Yes  ☐ No

E-mail address for delivery of papers under Section 10-13 of the Connecticut Practice Book (if agreed): speercommercial@gmail.com

| Parties | Name (Last, First, Middle Initial) and address of each party (Number; street; P.O. Box; town; state; zip; country, if not USA) | |
|---|---|---|
| First plaintiff | Name: Sheri Speer  Address: 151 Talman Street Norwich, CT 06360 | P-01 |
| Additional plaintiff | Name:  Address: | P-02 |
| First defendant | Name: Michelle Kellough, Animal Control Officer  Address: c/o City Clerk, City of Norwich 100 Broadway Norwich, CT 06360 | D-01 |
| Additional defendant | Name: City of Norwich  Address: c/o City Clerk, City of Norwich 100 Broadway Norwich, CT 06360 | D-02 |
| Additional defendant | Name:  Address: | D-03 |
| Additional defendant | Name:  Address: | D-04 |

Total number of plaintiffs: 1   Total number of defendants: 2   ☐ Form JD-CV-2 attached for additional parties

**Notice to each defendant**
1. **You are being sued.** This is a summons in a lawsuit. The complaint attached states the claims the plaintiff is making against you.
2. To receive further notices, you or your attorney must file an *Appearance* (form JD-CL-12) with the clerk at the address above. Generally, it must be filed on or before the second day after the Return Date. The Return Date is not a hearing date. You do not have to come to court on the Return Date unless you receive a separate notice telling you to appear.
3. If you or your attorney do not file an *Appearance* on time, a default judgment may be entered against you. You can get an *Appearance* form at the court address above, or on-line at https://jud.ct.gov/webforms/.
4. If you believe that you have insurance that may cover the claim being made against you in this lawsuit, you should immediately contact your insurance representative. Other actions you may take are described in the Connecticut Practice Book, which may be found in a superior court law library or on-line at https://www.jud.ct.gov/pb.htm.
5. If you have questions about the summons and complaint, you should talk to an attorney.
   **The court staff is not allowed to give advice on legal matters.**

| Date 10/30/20 | Signed (Sign and select proper box) | ☐ Commissioner of Superior Court  ☒ Assistant Clerk | Name of person signing |
|---|---|---|---|

**If this summons is signed by a Clerk:**
a. The signing has been done so that the plaintiff(s) will not be denied access to the courts.
b. It is the responsibility of the plaintiff(s) to ensure that service is made in the manner provided by law.
c. The court staff is not permitted to give any legal advice in connection with any lawsuit.
d. The Clerk signing this summons at the request of the plaintiff(s) is not responsible in any way for any errors or omissions in the summons, any allegations contained in the complaint, or the service of the summons or complaint.

For Court Use Only
File Date

A TRUE COPY
ATTEST
JOHN P SULLIVAN
STATE MARSHAL
860 625-0295

| I certify I have read and understand the above: | Signed (Self-represented plaintiff) | Date | Docket Number |
|---|---|---|---|

EXHIBIT A

Print Form   Page 1 of 2   Reset Form

| | |
|---|---|
| RETURN DATE: DECEMBER 22, 2020 : | SUPERIOR COURT |
| SHERI SPEER : | J.D. OF NEW LONDON |
| VS : | AT NEW LONDON |
| MICHELLE KELLOUGH : | OCTOBER 26, 2020 |
| CITY OF NORWICH | |

## COMPLAINT

COUNT ONE: For Unlawful Killing of the Plaintiff's Dog, Per General Statutes §22-351(b)

1. The Plaintiff, a resident of Norwich, was the owner of a dog named Skylar, her companion animal, who was taken by the Defendant on or about October 2013.

2. Defendant Kellough, the animal control officer for the Defendant City of Norwich, regularly caused insecticides to be sprayed in the cell where Skylar was kept, and in the air and in a manner where Skylar regularly came in contact with said chemicals. Said chemicals caused Skylar to develop cancer.

3. Defendant Kellough, the animal control officer for the Defendant City of Norwich, had no orders or authority to kill Skylar.

4. On or about August of 2020, Skylar died as the direct and proximate result of the conduct complained of in paragraph 2.

5. On information and belief, the Defendants harbored animosity toward the Plaintiff, and had the intent, scheme and design of killing her dog in their custody without a lawful order to do so and by means not authorized by any law.

EXHIBIT A

6. It was not within Defendant Kellough's job description, duties or policies as established by the City of Norwich to take any of the actions complained of in paragraph 2.

7. No discretion existed to take any of the actions complained of in paragraph 2.

8. The Defendants never had any intention of releasing Skylar to the Plaintiff alive, no matter what, even if a court of competent jurisdiction ordered her release.

9. The Defendants had expressed their intention that, upon vacation of the orders to dispose of Skylar, they would merely re-impound her and start the process of steps toward killing her anew, even and especially after she prevailed in the Appellate Court in a matter assigned docket number AC 39106.

COUNT TWO: Intentional Infliction of Emotional Distress

1-9. The Plaintiff restates and realleges paragraphs 1-9 of Count One, here.

10. The Defendants' conduct was extreme and outrageous.

11. The Defendants' conduct was reasonably calculated to inflict emotional distress, and reasonably forseeable that it would in fact inflict emotional distress, which it did.

COUNT THREE: Negligent Infliction of Emotional Distress

1-9. The Plaintiff restates and realleges paragraphs 1-9 of Count One, here.

10. The acts and omissions of the municipal defendants created an unreasonable risk of causing the Plaintiff emotional distress.

EXHIBIT A

11. It was foreseeable that the acts and omissions herein described would cause the plaintiff to suffer severe emotional distress. The emotional distress was severe enough that it might, and in fact did, result in illness or bodily harm.

12. As a direct and proximate result of the acts and omissions of the municipal defendants as herein described, the Plaintiff suffered great emotional distress.

COUNT FOUR: 42 USC §1983, for Deprivation of Rights Under Color of Law, for Denial of Due Process and Taking Forbidden by the Fifth Amendment

1-9. The Plaintiff restates and realleges paragraphs 1-9 of Count One, here.

10. The Defendants had the goal and intention of defeating all administrative and legal proceedings for the Plaintiff to reclaim Skylar, as were pending at the time the Defendants were successful in killing her.

11. The result of having effectuated Skylar's death achieved that goal, which was to defeat all due process and legal remedy by killing Skylar slowly and preemptively.

12. The plans, acts and ommissions of the Defendants were to unjustly and permanently take from the Plaintiff her companion animal, Skylar, without due process of law and in a manner specifically contrary to law, specifically, General Statutes §22-351 and §22-351a.

13. No Connecticut law authorizes the slow poisoning of animals by means of insecticide.

EXHIBIT A

COUNT FIVE: 42 USC §1983, for Deprivation of Rights Under Color of Law, First Amendment Retaliation Claim

1-9. The Plaintiff restates and realleges paragraphs 1-9 of Count One, here.

10. The Defendants had the goal and intention of defeating all administrative and legal proceedings for the Plaintiff to reclaim Skylar, as were pending at the time the Defendants were successful in killing her, and in particular because she sought administrative and legal recourse for the unlawful taking of Skylar.

11. The Plaintiff has the right to petition for redress of grievances through legal and administrative means, which is protected by the First Amendment.

12. As a consequence of the Plaintiff having availaed herself of that right, the Defendants sought to slowly poison and kill Skylar by stealth.

COUNT SIX, for Municipal Indemnification

1-9. The Plaintiff restates and realleges paragraphs 1-9 of Count One, here.

10. Sections 7-101a and 7-465 of the Connecticut General Statutes provide that a municipality shall protect and save harmless any municipal officer or municipal employee of such municipality from financial loss and expense arising out of any claim for alleged infringement of any person's civil rights, on the part of such officer or such employee while acting in the discharge of his duties.

EXHIBIT A

The Plaintiff therefore claims:

A. Costs

B. Damages

C. Punitive Damages

---

THE PLAINTIFF,
SHERI SPEER

*[signature]*
151 Talman Street
Norwich, CT 06360
(860) 213-2836
speercommercial@gmail.com

A TRUE COPY
ATTEST
JOHN P SULLIVAN
STATE MARSHAL
860 625-0295

EXHIBIT A

| | |
|---|---|
| RETURN DATE: DECEMBER 22, 2020 : | SUPERIOR COURT |
| SHERI SPEER : | J.D. OF NEW LONDON |
| VS : | AT NEW LONDON |
| MICHELLE KELLOUGH : <br> CITY OF NORWICH | OCTOBER 26, 2020 |

## STATEMENT OF AMOUNT IN DEMAND

The Plaintiff seeks in excess of $15,000.

THE PLAINTIFF,
SHERI SPEER

*[signature]*
151 Tallman Street
Norwich, CT 06360
(860) 213-2836
speercommercial@gmail.com

*[A TRUE COPY ATTEST / JOHN P SULLIVAN / STATE MARSHAL / 860 625-0295]*

EXHIBIT A